

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EHSAN JAMSHIDI,<br><br>Defendant. | Case No. 1:22-CR-233<br><br>Count One: 18 U.S.C. § 922(o)<br>(Possession of a Machinegun)<br><br>Count Two: 18 U.S.C. § 1001(a)(2)<br>(False Statement to a Government Agency)<br><br>Forfeiture Notice |

**INDICTMENT**

December Term – at Alexandria, Virginia

Count One
(Possession of a Machinegun)

THE GRAND JURY CHARGES THAT:

From on or about April 14, 2021, through on or about October 4, 2021, within the Eastern District of Virginia, the defendant, EHSAN JAMSHIDI, did unlawfully and knowingly possess a machinegun, that is, an M16-type, 5.56mm NATO caliber machinegun, this firearm not being registered to the defendant in the National Firearms Registration and Transfer Record.

(In violation of Title 18, United States Code, Section 922(o).)

## Count Two
### (False Statement to a Government Agency)

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 20, 2022, in the Eastern District of Virginia, the defendant, EHSAN JAMSHIDI, knowingly and willfully made and caused to be made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency within the executive branch of the United States, in that the defendant, in response to questions posed to him by an ATF Special Agent during an interview: denied purchasing a machinegun; when in truth and in fact the defendant knew he purchased a machinegun.

(In violation of Title 18, United States Code, Section 1001(a)(2).)

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE AS DESCRIBED BELOW:

Pursuant to Rule 32.2 Fed. R. Crim. P., the defendant is hereby notified that upon conviction of the offense alleged in Count One of this Criminal Indictment, the defendant shall forfeit, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing violation of the offense charged.

Pursuant to 21 U.S.C. § 853(p), the defendant shall forfeit substitute property, if, by any act or omission of the defendant, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 924(d), incorporated by Title 28, United States Code, Section 2461; Title 21, United States Code, Section 853(p); and Fed. R. Crim. P. 32.2(a))

A TRUE BILL

Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office

FOREPERSON

Jessica D. Aber
United States Attorney

By: *Nicholas J. Patterson*
Nicholas J. Patterson
Marc J. Birnbaum
Assistant United States Attorneys

3